IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARLON P. ELLIS,

        Petitioner,

v.                                              No. CV 08-481 JB/CEG

ROBERT ULIBARRI, Warden, and
GARY K. KING, Attorney General for
the State of New Mexico,

        Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Garlon P. Ellis' ("Mr. Ellis" or "Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2554, and his First Amended Petition for Writ of Habeas Corpus. See docket nos. 1 and 19. In his petition and amended petition, Mr. Ellis asserts that: (i) he was denied effective assistance of counsel and (ii) the New Mexico Court of Appeals erred in its opinion and findings in Petitioner's case. Id. I disagree, and, for the reasons below, recommend that Mr. Ellis' § 2254 petition be denied.

### Background

After a jury trial in the Fifth Judicial District, Eddy County District Court, Petitioner was found guilty of three counts of attempt to evade or defeat tax in Cause No. CR-2006-303. See docket no. 20, exhibit A. Petitioner was sentenced to a term of five years on each count, to be served consecutively, for a total of fifteen years followed by two years parole. Id. The state district court suspended all but five years and placed Petitioner on supervised probation for the remainder of his sentence. Id. Petitioner was also fined $10,000.00. Id. Mr. Ellis is now in the

lawful custody of Respondent Robert Ulibarri, Warden, pursuant to the judgment and sentence.

Petitioner appealed his conviction to the New Mexico Court of Appeals, and on March 3, 2008,

the Court of Appeals affirmed his conviction.  Docket no. 1, exhibit 3.  Mr. Ellis then filed a

Petition for Writ of Certiorari with the New Mexico Supreme Court, which was denied.  Docket

no. 1 at 4; docket no. 20 at 7.

Petitioner's First Amended Petition for Writ of Habeas Corpus states the issues

"presented for review before this Court include" whether Petitioner's appointed trial counsel was

ineffective "in violation of the Sixth Amendment" because he was "not capable of or qualified to

represent and defend Petitioner" as evidenced by the trial court's denial and the Court of

Appeals' affirmance of "multiple motions" filed by trial counsel and Mr. Ellis; and whether Mr.

Ellis' trial counsel was ineffective in violation of the Sixth Amendment because he did not

"develop a strategy of defense and trial plan."  Docket no. 19 at 1-2.  Petitioner asserts that

because of the alleged ineffectiveness, he was essentially forced to trial without the assistance of

counsel and the denial "creates a presumption of prejudice."  Id. at 2.  Mr. Ellis also contends he

was denied a fair trial because of his trial counsel's ineffectiveness and the trial court's "refusal

to seek out and appoint qualified and capable representation."  Id.  In the alternative, Petitioner

contends the Court of Appeals erred when it applied the wrong standard when determining that

Mr. Ellis' counsel was not ineffective, and erred when it failed to remand the case back to the

state district court because the wrong standard was applied.  Id. at 2-3.  Mr. Ellis also contends

the Court of Appeals erred when it failed to remand the case back to the state district court "for a

new trial after appropriate discovery on the matter of . . . selective prosecution."  Id. at 3.

In sum, Petitioner alleges ineffective assistance of counsel at trial, which led to the denial

of his due process rights and to the denial of a fair trial in his case, and that the New Mexico

2

Court of Appeals: applied the wrong standard for ineffective assistance of counsel, erred when it

did not remand the case for a new trial based on an erroneous standard for ineffective assistance

of counsel, and erred when it failed to remand for a new trial after appropriate discovery

regarding the matter of selective prosecution.  Id. at 1-3.

Analysis

    This Court's ability to consider collateral attacks on state criminal proceedings is

circumscribed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA").  Under the highly deferential standard set forth in the AEDPA,

if Petitioner's claims have been decided on the merits in a state court, a federal habeas court may

only grant relief under two circumstances: (1) if the state court decision was "contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) if the state court decision

"resulted in a decision that was based on an unreasonable determination of the facts in light of

the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).

    A state court decision is "contrary to" Supreme Court precedent in two circumstances:

(1) when "the state court applies a rule that contradicts the governing law set forth in [the

Supreme Court's] cases;" or (2) when "the state court confronts a set of facts that are materially

indistinguishable from a decision of [the Suprme] Court and nevertheless arrives at a result

different from" that reached by the Supreme Court.  See Williams v. Taylor, 529 U.S. 362, 406

(2000).  A state court decision constitutes an "unreasonable application" of Supreme Court

precedent if "the state court identifies the correct governing legal principle from [the] Court's

decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.

Thus, "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may

not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411; see also Thomas v. Gibson, 218 F.3d 1213, 1219-20 (10th Cir. 2000) (discussing Williams).  Finally, a state prisoner seeking habeas relief based on alleged erroneous factual determinations must overcome by clear and convincing evidence the presumption of correctness afforded state court factual findings.  See 28 U.S.C. § 2254(e)(1); Smith v. Mullin, 379 F.3d 919, 924-25 (10th Cir. 2004).

On direct appeal in the New Mexico Court of Appeals, Mr. Ellis argued he was denied a fair trial and his due process rights were violated due to ineffective assistance of counsel. Docket no. 20, exhibit HH at 6.  Mr. Ellis maintained his counsel was ineffective because he did not preserve claims of selective prosecution, which Mr. Ellis claimed was present based on his association with the tax protest group "We the People," and due to his past litigation against the Internal Revenue Service.  Id.  In the appeal, Mr. Ellis also claimed his trial counsel was ineffective for failing to present or preserve the issue of his tax liability for the years of 2002, 2003, and 2004 to the State of New Mexico.  Id.

I have reviewed those portions of the state court record which are pertinent to the issues raised in the application and find Petitioner has exhausted the claims in his habeas petition when he raised the claims in New Mexico state courts.  The Court of Appeals addressed and ultimately denied Petitioner's claim that his trial counsel's ineffective assistance circumvented his right to a fair trial, violated his due process, and allowed the State of New Mexico to selectively prosecute him based on his association with "We the People."  See docket no. 20, exhibits HH and LL. The New Mexico Supreme Court denied Mr. Ellis' Petition for Writ of Certiorari.  Id., exhibit OO.

Petitioner has not alleged or established the state court proceedings either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of federal law as determined by the United States Supreme Court or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  See 28 U.S.C. § 2254(d).  I find the New Mexico state courts applied the correct standard of review for the claim of ineffective assistance of counsel, Strickland v. Washington, 466 U.S. 688 (1984), and the application of the Strickland standard was not erroneous or unreasonable.  See docket no. 20 at LL and OO.  Additionally, Petitioner has failed to overcome the presumption of correctness, by clear and convincing evidence, of the state court findings.  See 28 U.S.C. § 2254(e).  Thus, I find the claims raised in Petitioner's application were decided on the merits and the state court decisions and record are entitled to deference in accordance with 28 U.S.C. § 2254 and the AEDPA.

Wherefore,

Because Petitioner has failed to establish any violation sufficient for the review and granting of a writ permitted by 28 U.S.C. § 2254, IT IS HEREBY RECOMMENDED THAT Garlon P. Ellis' federal habeas corpus petition be DISMISSED WITH PREJUDICE.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE